# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-10051
Summary Calendar

PIERRO JACKSON,

Petitioner–Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-494

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pierro Jackson, Texas prisoner # 1152599, was convicted by a jury of possession of cocaine and received a sentence of 25 years in prison. He filed a 28 U.S.C. § 2254 petition challenging his conviction, arguing in relevant part that his trial counsel rendered ineffective assistance by failing to object to the authority of the arresting officer, a Waxahachie police officer, to effectuate a traffic stop in Dallas County; the cocaine was discovered as a result of the traffic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stop. Under the Antiterrorism and Effective Death Penalty Act, a federal court will not grant habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the state court's ruling was the result of "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

On appeal, Jackson contends that the officer lacked the authority to effectuate a traffic stop outside of his jurisdiction for a minor traffic violation and that if counsel had challenged the officer's authority, the evidence obtained during the traffic stop would have been suppressed. Jackson is correct in his assertion that the officer lacked the authority under state law to stop Jackson for a traffic violation. *See State v. Kurtz*, 152 S.W.3d 72, 73 (Tex. Crim. App. 2004). However, in order to sustain a claim of ineffective assistance Jackson must show that counsel's performance fell below an objective standard of reasonableness and that this deficient performance resulted in prejudice to the defense. *See Strickland v. Washington*, 466 U.S. 668, 689-96 (1984). Counsel's actions may not be considered deficient if "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). An attorney's failure to file a motion to suppress may constitute deficient performance if the evidence would have been suppressed as a result of the motion. *Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005). Jackson bears the burden of proving that the cocaine admitted at his trial would have been suppressed as a result of such a motion. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Our review of the statements of defense counsel before trial and the officer's trial testimony indicate that the stop of Jackson was actually the result of surveillance activities and information obtained from a confidential informant. An officer who personally views a felony or receives information from a reliable third party about a felony offense may effectuate an arrest. *See* TEX. CRIM. PROC. CODE ANN. art. 14.03(d); *Adams v. Williams*, 407 U.S. 143, 147 (1972); *see also Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). Jackson has not carried his burden of establishing that a motion to suppress filed by counsel would have been successful. He thus has not established that counsel's failure to file such a motion constituted ineffective assistance.

\*     \*     \*

Consequently, the judgment of the district court denying Jackson habeas relief is AFFIRMED. Jackson's motion for leave to file an out-of-time reply brief is GRANTED. All other outstanding motions are DENIED.